## GILBERT v. PLATT.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. ESTOPPEL—INCONSISTENT POSITIONS.
The beneficiary in an insurance policy delivered to defendant express company the policy and a release of claims thereon, to be turned over to plaintiff insurance company on receiving the amount due. Defendant delivered the policy and release to plaintiff, and took the latter's certified check, which the beneficiary refused to accept. In a suit on the policy by the beneficiary, plaintiff set up the release thus obtained. *Held* that, pending the latter suit, plaintiff could not maintain an action against defendant for the return of the certified check.

2. CONTRACTS—RESCISSION—MUTUAL CONSENT.
Unless fraud or mistake intervenes, a contract can only be rescinded by mutual consent.

Appeal from trial term, New York county.

Action by William T. Gilbert, as receiver of the Commercial Alliance Life Insurance Company, against Thomas C. Platt, as president of the United States Express Company. From a judgment entered on verdict directed for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. D. Hotchkiss, for appellant.
F. G. Kimball, for respondent.

VAN BRUNT, P. J. In 1893, Hannah E. Helm, of Colorado, made a claim against the Commercial Alliance Life Insurance Company as beneficiary under two policies of insurance. The insurance company seems to have disputed this claim, and some negotiations for a compromise had been entered into between the insurance company and said Hannah E. Helm. In November, 1893, Mrs. Helm delivered to the United States Express Company, at Colorado Springs, Colo., the two policies of insurance and a release of all claims thereon, with instructions to deliver the same to the insurance company, and to collect from it $2,000, the consideration named in the release. The express company delivered the policies and release to the insurance company on or about November 17, 1893, and received its certified check drawn on the New York Produce Exchange Bank,

payable to the order of said Hannah E. Helm, for $2,000. Thereafter, and about December 8, 1893, the express company tendered said check to Mrs. Helm, at Colorado Springs, who refused to accept the same, saying that the return should have been made in cash. Thereupon the express company obtained $2,000 from the insurance company, and on or about the 30th of January, 1894, tendered the same to Mrs. Helm, at Denver, Colo., but she refused to accept the same. The $2,000 received from the insurance company was returned to that company, but the express company retained possession of the certified check to the order of Mrs. Helm. In February, 1894, Mrs. Helm brought an action in Colorado against the insurance company, to recover the full amount of said policies; and the insurance company defended the suit, and in its answer, verified March 22, 1894, set up, among other defenses, the aforesaid release. In April, 1894, the express company tendered back to the insurance company the check in question, and demanded a return of the policies and release; but the insurance company refused to accept the check or to return the papers. In her reply to the above answer, verified June 15, 1894, Mrs. Helm, in avoidance of said release, alleged that it was obtained from her by fraud. This action was still pending at the trial of the present action. On the 3d of November, 1894, the plaintiff in this action was appointed temporary receiver of said insurance company, in an action brought by the people to dissolve the same for insolvency. On the 5th of November, 1894, the plaintiff, as such receiver, demanded the certified check from the express company, but did not at this time offer to return the policy and release. On the 26th of December, 1894, Mr. Kimball, the attorney for the express company, was in Denver, where he met the attorney representing Mrs. Helm, who at that time demanded from Kimball the delivery of the check to Mrs. Helm. On the 10th of January, 1895, a final judgment of dissolution was entered in the above-mentioned action, and the plaintiff was appointed permanent receiver. On the 17th of January, 1895, the receiver caused a further demand for the check to be made upon the express company, and accompanied the same with formal tenders of the policies and release. On the 30th of January, 1895, the receiver commenced this action against the express company for the amount of said check. On the 20th of February, 1895, Mrs. Helm commenced an action in Colorado against the defendant to recover the sum of $2,000; and in April, 1895, a judgment was rendered against the defendant in said action for $2,000 and costs, and the certified check in question has been delivered to Mrs. Helm by the defendant in part satisfaction of said judgment. The plaintiff in this action was not in any way brought into the action in which such judgment was rendered. Upon the foregoing facts, the court directed a verdict for the defendant, and denied the motion for a new trial.

It is somewhat difficult to see upon what grounds the plaintiff formulates his right of action against the express company in this case. In this action the insurance company repudiates the settlement, and claims the check; and in the action in Colorado it sets up the existence of the release, and the payment of its consideration

as a defense. Now, it cannot be permitted to occupy this dual position. Either it must abandon the release, or it must abandon the money. It is at the present time claiming absolution from liability upon these policies of insurance because of the release, and it is claiming from the express company in this action the money by which it purchased such absolution. With the dispute between Mrs. Helm and the express company the insurance company has nothing to do. Nor has it anything to do with the reasons which actuated Mrs. Helm in refusing to receive the check as between her and the express company. When the express company tendered the check to the insurance company, it refused to accept the same. It is true that subsequently the receiver of the insurance company demanded the check, but then the express company was not willing to surrender it. In the case of a contract entered into between parties, it cannot be rescinded by the volition of one. Unless fraud or mistake has intervened, such contract can only be rescinded by mutual consent, and it appears from the evidence in this case that no such mutuality existed at any given time. When one party was willing to rescind, the other was unwilling; and, as a consequence, there was no meeting of minds. In this condition of affairs, Mrs. Helm sues upon her policies, and the defendant sets up the release, claiming under it; and in this action they claim from the express company, as already stated, the only thing which gives the release vitality. If the plaintiff succeeds in this case, and recovers the $2,000 from the express company, and then Mrs. Helm is unable to prove that the release was obtained by fraud, they would succeed in the Colorado suit; and the result would be that they would get their release without paying a cent for it. The mere statement of this proposition seems to indicate that the insurance company were bound, before they commenced this action, at least to have surrendered all right and claim by reason of the release. But as they have affirmed it, and reaffirmed it, they cannot now claim, in this action against the express company, to recover the fruits of the release.

The judgment and order should be affirmed, with costs. All concur.